IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA WARD | § | |
| (BOP Register No. 49221-177), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-770-D-BN |
| | § | |
| BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brenda Ward, a federal prisoner convicted in this Court and in custody in this district, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 requesting that the Bureau of Prisons ("BOP") provide her "a full 12 months of halfway house and/or home confinement as per First Step Act, title 5." Dkt. No. 3 at 5. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater. *See also* AMENDED SPECIAL ORDER NO. 3-250 (N.D. Tex. Aug. 24, 2011), ¶ 3 ("A petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be directly assigned to the judge in the division who previously presided over a criminal case involving the defendant, if any."). The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the habeas petition.

**Applicable Background**

As the Court set out in denying Ward's motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255, she

> pleaded guilty to health care fraud. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. No. 29. A Presentence Report ("PSR") was prepared and later amended through an addendum. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. Nos. 20 & 26. The PSR proposed a total offense level of 25 under the United States Sentencing Guidelines [ ]; that calculation factored in a 16-level increase because Ward's intended loss – $1,639,926.90 – was more than $1,000,000 but less than $3,500,000, and a 2-level increase because her offense involved more than 10 victims – Medicaid plus the 572 individuals whose means of identification she used unlawfully. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. No. 26. The Court adopted the PSR and sentenced Ward to 57 months in prison and two years of supervised release. *See United States v. Ward*, No. 3:15-cr-67-D (01) (N.D. Tex.), Dkt. Nos. 29 & 30.
>
> After an unsuccessful direct appeal, *see United States v. Ward*, No. 16-10126 (5th Cir. Mar. 8, 2016), Ward timely filed [the] Section 2255 motion[, which the Court denied with prejudice.]

*Ward v. United States*, No. 3:16-cv-3128-D-BN, 2018 WL 2031880, at *1 (N.D. Tex. Apr. 3, 2018), *rec. adopted*, 2018 WL 2017587 (N.D. Tex. May 1, 2018).

BOP records available online reflect that Ward's current projected release date is April 26, 2020.

## Legal Standards and Analysis

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). This statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – equally applicable "to § 2241 habeas cases," *Romero v. Cole*,

No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

As another federal district court in Texas recently explained,

> three statutes govern the *discretion* of the [BOP] to place inmates in particular facilities: 18 U.S.C. § 3621(b) grants the BOP the authority to designate places of confinement; 18 U.S.C. § 3624 (a part of the Second Chance Act of 2007) authorizes the BOP to provide post-imprisonment rehabilitation services in community corrections facilities; and 34 U.S.C. § 60541 (a part of the First Step Act of 2018) permits the BOP to grant prisoners who participate in reentry and skills development programs the maximum allowable period in a community corrections facilities. It also allows the BOP to place elderly prisoners in home confinement.

*Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *2 (W.D. Tex. Jan. 29, 2019) (emphasis in original).

More specifically to Ward's claim, the Second Chance Act

> addresses placement in community corrections facilities such as halfway houses. 18 U.S.C. § 3624(c) (2012). It grants the BOP Director the *discretion* to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months as permitted by the prior law. *Id.* The Act authorizes the Director, "to the extent practicable, ... to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.* It also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6).

> The First Step Act focuses on rehabilitation, reintegration, and sentence reduction. It requires the BOP to "provide incentives for prisoner participation in skills development programs." 34 U.S.C. § 60541(a)(1)(G). At the *discretion* of the BOP, such incentives may include "the maximum allowable period in a community confinement facility" and, other than a reduction in the prisoner's term of imprisonment, "such other incentives" as are considered appropriate. *Id.* § 60541 (a)(2).

*Id.* (emphasis in original).

As *Burg* implies, the decision whether, and for how long, to place an inmate in a residential reentry center ("RRC") – a halfway house – is committed to the BOP under statutory authority. *See also Meade v. Maiorana*, No. 2:14-CV-656, 2015 WL 1731274, at *2-*3 (W.D. La. Apr. 14, 2015) (noting that Section 3624(c) "does not automatically entitle an inmate to placement in an RRC. Notwithstanding Meade's claims to the contrary, the statute simply directs the BOP to consider placing an inmate in an RRC for up to a 12-month period." (citation omitted)).

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). A prisoner's challenge "to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society affect[s] the execution of his sentence" and therefore "may be raised under § 2241." *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *Cleto*, 956 F.2d at 84, and vacating district court's dismissal, for lack of subject matter jurisdiction, of a habeas petition raising such a claim); *see also*

*Ragsdale v. Caraway*, No. Civ.05-1596(MJD/JJG), 2006 WL 44017, at \*3-\*4 (D. Minn. Jan. 6, 2006) ("Common practice indicates that the issue of placement in a halfway house is frequently heard under § 2241." (collecting cases)); *Mangiardi v. Fed. Bureau of Prisons*, No. 4:09-cv-1602, 2009 WL 4544747, at \*3 (M.D. Pa. Nov. 30, 2009) ("[C]hallenges to decisions to exclude an inmate from release to a Residential Reentry Center ('RRC') ... are appropriately raised under § 2241." (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005))).

That said, it is well established that "[a] prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility." *Avila Pena v. Pugh*, No. CV306-057, 2006 WL 2444084, at \*2 n.6 (S.D. Ga. Aug. 22, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility ...." (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983)));  *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987) ("[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner – no matter how well justified on utilitarian grounds – collides with 18 U.S.C. § [3621(b)], which gives the Attorney General unfettered discretion to decide where to house federal prisoners."); *Burg*, 2019 WL 369153, at \*3 ("The Attorney General – and by delegation the BOP – has exclusive authority and *discretion* to designate the place of an inmate's confinement." (citing *Moore v. United States Attorney Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971); emphasis in original)).

And, to the extent that Ward is requesting that the Court review the BOP's decision to deny her request for a 12-month placement in a halfway house, *see* Dkt. No. 3 at 2 (indicating that requests for administrative remedies have been denied) – for, presumably, violating her right to due process – "[a] protected liberty interest exists only when a regulation uses 'mandatory language to place a substantive limit on official discretion,'" *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (quoting *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998) (quoting, in turn, *United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994))). But

> the Second Chance Act does not limit or restrict the discretion that the BOP has to assign inmates to facilities, nor does it encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period. "Where the statute grants the prison administration discretion, the government has conferred no right on the inmate."
> Participation in the reentry program is a privilege, not a right. [Ward thus] has no liberty interest in the re-entry program.

*Dade v. Carvajal*, No. 13-CV-827, 2013 WL 3819751, at *2 (W.D. La. July 23, 2013) (quoting *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007); citations omitted).

For these reasons, it plainly appears that Ward is not entitled to relief pursuant to her habeas petition.

## Recommendation

The Court should summarily dismiss Petitioner Brenda Ward's petition for writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE